UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SHERRYE G. BANISTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 5:06-CV-071-C |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**

Plaintiff Sherrye G. Banister seeks judicial review of a decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI). The United States District Judge referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. This court has reviewed the administrative record and the arguments of the parties under the standard set forth under 42 U.S.C. § 405(g) and has determined that the Commissioner's decision is supported by substantial evidence, was reached through the application of proper legal standards, and should be affirmed.

**I.   Statement of the Case**

The Administrative Law Judge (ALJ) determined Banister was not disabled at the fifth step of the sequential disability analysis. In reaching his decision, the ALJ determined that Banister suffered from lower back problems and mitral valve prolapse of her heart and

therefore had severe impairments. (Tr. 19.) He further determined that despite her severe impairments, Banister retained the residual functional capacity to perform sedentary work and, based on testimony from a vocational expert, determined that there were a significant number of jobs Banister could perform in the national economy. (Tr. 22-23.) Banister brings two points of error. In her first point of error, Banister argues the ALJ erred because he did not consider the record as a whole. In this regard, she argues the ALJ did not mention myelograms[1] and a back surgery she underwent. In her second point of error, she contends the ALJ erred because he did not find that her breathing problems were severe.

## II.     Discussion

Judicial review of the Commissioner's denial of disability benefits is statutorily limited to determining whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. 42 U.S.C. § 405(g); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). The Commissioner's decision is granted great deference and will not be disturbed unless the court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In this case, there is substantial evidence in the record to support the Commissioner's final decision.

---

[1] A myelogram is a radiographic contrast examination performed on an out-patient basis and used to determine the presence of abnormalities of the spine, spinal cord, and surrounding structures. *See* STEDMAN'S MEDICAL DICTIONARY 1171 (27th ed. 2000); University of Maryland Medical Center, Diagnostic Radiology, http://www.umm.edu/radiology/myelog.htm (last visited Mar. 14, 2007).

In regard to Banister's complaint that the ALJ did not discuss all the medical evidence, the Fifth Circuit Court of Appeals has expressly rejected a rule that would require an ALJ to articulate specifically the evidence that supported his decision and discuss the evidence that he rejected. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994.) Further, the fact that the claimant has undergone specific procedures does not establish that his or her impairments cause limitations or that they are disabling; rather, the ALJ must consider the extent of the limitations imposed by the claimant's impairments and the impact on his capacity for work. *See* 20 C.F.R. § 416.929(a),(c) (2006). In this case, the ALJ acknowledged that Banister suffered from problems in her lower back that were severe; he cited an opinion from Banister's physician that she suffered from "some fairly advanced degenerative changes particularly at the L4-L5 level" and discussed findings from MRIs which showed disk protrusion/herniation at the level of L4-L5, disk bulging/herniation at the level of L3-L4, and mild lumbar spondylosis. (Tr. 20; *see* Tr. 269.)

After considering the medical and non-medical evidence, the ALJ determined that Banister could perform sedentary work. Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.967(a). There is substantial evidence showing that Banister could perform the physical demands of sedentary work. For example, Banister indicated on

3

application documents that she was not limited in her ability to use her hands or in her ability to reach and indicated in testimony that she was capable of sitting and occasional standing and walking. (Tr. 105, 107, 855, 859-60.) She indicated that she sometimes cooked for herself and her mother and sometimes ran errands for her mother, that she was capable of driving because she was capable of sitting, and that she watched television, did a "little housework," and read during the day. (Tr. 852, 852, 855, 859-60.) Although Banister alleged she could no longer work because of continuous pain, her testimony and the medical records show that her pain was intermittent rather than constant and unremitting. Significantly, she testified that her pain medication sometimes helped and that she sometimes woke up with pain and sometimes did not, and the medical records indicate Banister's pain was controlled and improved when she wore a back brace and took medications. (Tr. 311, 321, 854, 860; *see also* Tr. 712, 741.) She also testified that her appetite was "okay" and that she slept "pretty good." (Tr. 852.)

The responsibility for determining whether pain is disabling lies with the ALJ and his decision in this regard is entitled to considerable judicial deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988) (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987)). The evaluation of the claimant's allegations of pain is "particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled." *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988) (citations omitted). Pain is not disabling unless it is constant, unremitting, and wholly unresponsive to therapeutic treatment. *Chambliss*, 269 F.3d at 522.

Based on the evidence, the pain Banister experienced because of her back problems was not disabling, and the fact that the ALJ did not discuss the procedures Banister underwent in 2004 does not change this conclusion. Remand is therefore not required on Banister's first point of error.

Banister's second point of error does not require remand. Banister complains that the ALJ erred because he failed to mention respiratory problems she suffered and failed to find that she suffered from severe breathing problems. She contends that shortly after she underwent surgery in 2004, she experienced acute respiratory distress and respiratory failure and that she was thereafter hospitalized and underwent surgery for the condition. She also contends Roger Wolcott, M.D., described her as having "impaired mobility with limited self-care skills as a result of generalized weakness and deconditioning and debility secondary to respiratory failure syndrome." (*See* Tr. 821.)

As the Commissioner points out, Banister's respiratory illness, which developed after she underwent surgery in the spring of 2004, was a temporary condition. According to the medical records, Banister underwent back surgery in April 2004 and was hospitalized in June 2004 after experiencing increasing chest pain and shortness of breath. (Tr. 819.) Testing showed a large fluid collection in the left side of her chest and she was diagnosed with left lung empyema.[2] *Id.* She underwent a left thoractomy on July 2, 2004, and was discharged from the hospital on July 14, 2004. (Tr. 819-22.) Dr. Wolcott's statement

---

[2] Empyema is caused by an infection that spreads from the lung and leads to an accumulation of pus in the lungs and lining of the walls of the pleural cavity. The infected fluid can build up to a quantity of a pint or more, which puts pressure on the lungs, causing shortness of breath and pain. *See* Medline Plus, http://www.nlm.nih.gov/medlineplus/ency/article/000123.htm (last visited Mar. 14, 2007).

5

regarding Banister's limitations was made on the date Banister was discharged from the hospital and transferred to an extended care facility for physical and occupational therapy and intravenous antibiotic therapy. (Tr. 819, 821-22.)

The claimant bears the burden of showing that his impairment is expected to result in death or has lasted or is expected to last for a continuous period of at least twelve months. *Neal v. Bowen*, 829 F.2d 528, 530 (5th Cir. 1987) (citing 20 C.F.R. § 404.1509); *see also Barnhart v. Walton*, 535 U.S. 212 (2002). Under the regulations, an impairment is not considered "severe" unless it significantly limits the claimant's physical ability to do basic work activities. 20 C.F.R. § 416.921(a). The evidence shows that Banister's respiratory illness was temporary; there is no evidence in the medical records or from Banister's testimony that would indicate she suffered from respiratory limitations for a period of at least twelve months that would significantly limit her ability to work. (*See, e.g.*, Tr. 852-53, 855-57.)

## III. Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court dismiss Banister's appeal with prejudice. The Commissioner has shown with substantial evidence that Banister can perform other work existing in the national economy and is not disabled, and Banister has not shown that she cannot perform the identified work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Therefore, the Commissioner's decision is conclusive and must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

## IV.     Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court.  A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   March 27, 2007.

/s/ Nancy M. Koenig
NANCY M. KOENIG
United States Magistrate Judge